IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:09-CR-9-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| BYRON J. DELOATCH, ) | |
| Defendant. ) | |

This matter is before the Court on defendant's pro se motion to terminate his supervised release [DE 165]. The motion is DENIED.

Defendant previously filed a motion for early termination of his supervised release [DE 159] on May 2, 2013 which was denied by this Court on July 3, 2013 [DE 164]. Defendant then filed the instant motion on December 13, 2013. Pursuant to 18 U.S.C. § 3583(e), "[t]he court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . ." In determining whether to terminate a term of supervised release under § 3583, the Court may look to the factors set forth in 18 U.S.C. § 3553(a). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release either too harsh or inappropriately tailored to serve general punishment goals." *Folks v. United States*, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (citation omitted). "[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass

of supervised release and does not warrant early termination." *Id.* at 652. Ultimately, the decision is within the Court's discretion. *Id.* at 651 (citing *United States v. Pregent*, 190 F.3d 279, 283 n.4 (4th Cir. 1999).

Here, defendant is essentially contending that early release is appropriate because he has been in full compliance with the terms of his supervised release. While commendable, this is not "exceptionally good behavior." Additionally, the Court considers the United States Probation Office's concerns about terminating the defendant's supervised release, and the factors set forth in 18 U.S.C. § 3553(a). After consideration, the Court finds that termination is not appropriate at this time and DENIES Defendant's request for early termination.

SO ORDERED, this ___7___ day of February, 2014.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE